**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| BRIESA McCLAIN, JOAQUIN McCLAIN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>Defendants. | Nos. ED CV 18-1648-CJC (PLA);<br>ED CV 18-2541-CJC (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS, AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

On March 27, 2020, plaintiffs filed an Objection (alternatively "Obj." (ECF No. 186)) to the Magistrate Judge's Final Report and Recommendation ("Final R&R"), along with a request for this Court to take judicial notice ("Request for Judicial Notice") of the two documents that the Magistrate Judge declined to take judicial notice of in his Final R&R. (ECF No. 186 at 17-18 (citing ECF No. 183 at 20-21)). On April 20, 2020, defendants filed a Response to plaintiffs' Objection. (ECF No. 190).

Defendants note that plaintiffs in the Objection do not raise objections to the Final R&R "overall." (*Id.* at 2). Rather, plaintiffs appear to object to the Magistrate Judge's failure to separately analyze each of the 53 claims "with interwoven factual allegations" that plaintiffs raised in their Third Amended Consolidated Complaint ("TACC"). (*Id.* at 2, 4). Defendants also assert

that plaintiffs' reliance on Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988), is misplaced. (*Id.* at 8). The Court agrees.

Plaintiffs first cite Klingele in connection with the Final R&R's recommendation that plaintiff Briesa McClain's Motion for Partial Summary Judgment (alternatively "MPSJ") be denied and argue that "judgment is disfavored where relevant evidence remains to be discovered." (ECF No. 186 at 14 (citing ECF No. 183 at 23)). However, although the Ninth Circuit in Klingele did find that the plaintiff in that case had satisfied his burden of showing relevant discovery had not been conducted and, therefore, that the district court should not have granted defendant's summary judgment motion, the finding in Klingele *supports* the Magistrate Judge's recommendation herein that *plaintiff's* Motion for Partial Summary Judgment be denied because *defendants* showed that discovery essential to support their Opposition to the MPSJ had not yet been conducted. (See ECF Nos. 183 at 23; 190 at 8). Plaintiffs also cite Klingele with respect to their objection to the Magistrate Judge's recommendation that plaintiffs' Request for Judicial Notice be denied. (ECF No. 186 at 17 (plaintiffs appear to object that the Magistrate Judge failed to allow "the production of a record, proof [sic] evidence" and "den[ied] matter of record")). The Klingele case, however, is again inapposite because it did not address a request for judicial notice.

The Court also concurs with defendants that plaintiffs' assertions that they "do not object to the R&R overall" or the "conclusion" of the Final R&R (ECF No. 186 at 1, 9) appear to contradict their requests that the Final R&R not be adopted and that defendants' Motion to Dismiss be denied (*id.* at 2, 25). Further, the Court notes that some portions of plaintiffs' Objection are incomprehensible or inapplicable (see, e.g., *id.* at 18 (the "R&R is holding or expressing dissenting opinions that are at variance with those commonly or officially held"; referencing the "task of a federal court in a diversity action"; and plaintiffs' objection that some "evidence" was ignored by the Magistrate Judge while deciding defendants' Motion to Dismiss)).[1] (See, e.g., *id.* at 5

---

[1] As set forth in the Final R&R, the Magistrate Judge found that plaintiffs were seeking judicial notice of exhibits that are not properly subject to judicial notice as matters of public record, and did not consider any exhibits outside the pleadings in recommending that defendants' Motion to Dismiss be granted. (ECF No. 183 at 20-21).

(objecting that the Final "R&R does not articulate or speak about the substantial evidence filed with this Court"), 6-7, 18).

In addition, plaintiffs are incorrect in objecting to a purported recommendation that claims raised by plaintiffs in this action should "be dismissed because [p]laintiffs failed to present evidence implicating either [d]efendants [sic] of searches and seizure [sic] to which [plaintiffs] were subjected." (ECF No. 186 at 6 (citing ECF No. 183 at 6)). Plaintiffs' citation to the Final R&R, however, points to a discussion of plaintiff's MPSJ and not defendants' Motion to Dismiss. (See ECF No. 183 at 6-7). Plaintiffs further are incorrect in objecting that "additional discovery would or not [sic] have been fruitless" in connection with plaintiff's MPSJ. (ECF No. 186 at 7). To the contrary, the Final R&R points to the facts that defendants have conducted no discovery in this action and that relevant evidence remains to be discovered as grounds to deny plaintiff's MPSJ. Further, because no discovery order ever issued in this action and any motion for summary judgment would have been premature, the Magistrate Judge had no occasion to provide plaintiffs with "instructions surrounding filing Rule 56 motion in this action." (*Id.* at 9). The Court disagrees with plaintiffs' arguments that defendants would be engaging in "a fishing expedition for evidence that would be merely cumulative" of that in "public records" and that evidence yet to be discovered concerns matters of which defendants "already had personal knowledge of the relevant facts." (*Id.* at 24-25). As stated by defendants in a declaration filed in opposition to plaintiff's Motion for Partial Summary Judgment, defendants have not yet conducted depositions of the two plaintiffs, third party witnesses mentioned in plaintiffs' pleadings, or the children who are relevant to plaintiffs' claims. (See ECF No. 178 at 4-5; No. 178-1; No. 186 at 23). None of this potential evidence yet exists in any form in any "public record," and no defendant can have personal knowledge of the potential testimony of plaintiffs or their children.

Further, plaintiffs cite an incorrect standard to raise a plausible Monell claim against the County, arguing that they need plead "nothing more than a bare allegation" that "employees failed to conform to official policy." (ECF No. 186 at 19-20 ("Ninth Circuit precedent, which goes back to the 1986 decision Shah v. Cty. of L.A. [sic], permits a plaintiff to set forth bare allegations

against local governments that the plaintiff can subsequently amend with additional facts.")). The Ninth Circuit has clarified that, in order to state a claim against a local government entity, a plaintiff must set forth non-conclusory factual allegations raising a reasonable inference that the execution of a specific policy, ordinance, regulation, custom or the like was the "actionable cause" of any alleged constitutional violation.  See, e.g., Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012).

Pursuant to 28 U.S.C. § 636, the Court has reviewed the TACC, the other records on file herein, the Magistrate Judge's Final Report and Recommendation, plaintiffs' Objection to the Final Report and Recommendation, and defendants' Response.  The Court has engaged in a de novo review of those portions of the Final Report and Recommendation to which objections have been made.  The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Final Report and Recommendation is accepted.
2. Plaintiffs' Request for Judicial Notice (ECF No. 186) is **denied**.
3. Plaintiff Briesa McClain's Motion for Partial Summary Judgment (ECF No. 172) is **denied** as premature and moot.
4. Defendants' Motion to Dismiss (ECF No. 150) is **granted without leave to amend** and **with prejudice** as to each of the consolidated actions:  ED CV 18-1648-CJC (PLA) and ED CV 18-2541-CJC (PLA), and those actions are dismissed.
5. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: April 24, 2020

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

4